**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AETNA CASUALTY & SURETY
COMPANY,
<u>Plaintiff-Appellant,</u>

v.                                                              No. 97-1347

IND-COM ELECTRIC COMPANY,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, District Judge.
(CA-96-241-3-P)

Argued: October 27, 1997

Decided: March 23, 1998

Before RUSSELL,* MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by published per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Michael Andrew Pollard, BAKER & MCKENZIE, Chi-
cago, Illinois, for Appellant. Robert Harper Heckman, ADAMS,

_____

*This opinion was prepared by Circuit Judge Donald S. Russell, who
died before it was filed. The remaining members of the panel continue
to concur in what Judge Russell wrote. The opinion is accordingly filed
by a quorum of the panel pursuant to 28 U.S.C. § 46(d).

KLEEMEIER, HAGAN, HANNAH & FOUTS, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Charles B. Lewis, Jeffrey L. Hamera, BAKER & MCKENZIE, Chicago, Illinois; William E. Freeman, Kevin M. Capalbo, MOORE & VAN ALLEN, Durham, North Carolina, for Appellant. Thomas S. Thornton, ADAMS, KLEEMEIER, HAGAN, HANNAH & FOUTS, Greensboro, North Carolina, for Appellee.

_____

**OPINION**

PER CURIAM:

This appeal requires us to consider a question that the Supreme Court expressly declined to answer in <u>Wilton v. Seven Falls Co.</u>,[1] namely, what are the bounds of a district court's discretion to dismiss a declaratory judgment action in the absence of a parallel state court proceeding. Because we refuse to fashion a per se rule requiring a district court to entertain a declaratory judgment action when no state court proceeding is pending, and because we are further satisfied that the demands and policies of our case law support the district court's determination, we hold that the district court did not abuse its discretion in dismissing this action.

I.

This case arises from the construction of the James H. Barnhardt Student Activity Center at the University of North Carolina at Charlotte (the "Project"). Because the Project was state-owned, Chapter 143 of the North Carolina General Statutes ("N.C.G.S.") required that the State of North Carolina (the "State") enter into four different construction contracts. On November 13, 1993, the State awarded Lott Constructors, Inc. ("Lott") the contract for general construction work, Ind-Com Electric Company ("Ind-Com") the contract for electrical work, Mechanical Industries, Inc. ("Mechanical") the contract for mechanical work, and Alpha Mechanical, Inc. ("Alpha") the contract for plumbing work. The parties referred to these contractors as "co-

_____

**1** 515 U.S. 277 (1995).

2

primes," as they all were properly regarded as prime contractors for their specific work.

Pursuant to North Carolina law, the State, as the"Contracting Body" for the Project, required each co-prime to submit payment and performance bonds for its contract along with its bid. Aetna Casualty & Surety Company ("Aetna")**2** was the surety for the payment and performance bonds furnished by Lott.

Lott encountered financial difficulties which caused considerable delay and costs to the various co-primes. Lott's difficulties eventually became so severe that it was unable to perform its contractual obligations. As a result, Lott notified Aetna of its failure to perform, and pursuant to Aetna's obligations under the performance bond, Aetna entered into a contract with Roger Builders, Inc. to complete Lott's portion of the contract.

On March 5, 1996, Ind-Com submitted a formal request for an equitable adjustment in the amount of $867,888 to Aetna, Lott, the State, and the project architect, Odell Associates, Inc. ("Odell"). The request, based upon alleged damages caused by Lott's inability to perform, sought payment from Aetna's performance and payment bonds. On June 6, 1996, Aetna denied Ind-Com's claim. Less than two weeks later, Aetna instituted this declaratory judgment action in the United States District Court for the Western District of North Carolina,**3** seeking a declaration of the rights and liabilities of Aetna and Ind-Com under the payment and performance bonds.**4** The district court

_____

**2** Traveler's Property Casualty Corp. has since purchased Aetna.
**3** The district court had diversity jurisdiction under 28 U.S.C. § 1332 to entertain Aetna's declaratory judgment action.
**4** On or about the same date, Aetna filed identical declaratory judgment suits in the same court against the two other co-primes, Alpha and Mechanical. In each action, Aetna sought a declaration that none of the co-primes had a claim against the performance and payment bonds.

Aetna subsequently dismissed its suit against Mechanical pursuant to an agreement whereby Mechanical would be bound by the outcome of Aetna's actions against Ind-Com and Alpha. Aetna's action against Ind-Com is the one we address in this appeal. Alpha answered and counterclaimed against Aetna. Alpha also filed suit against Lott in state court, a case in which Aetna later intervened.

declined to exercise jurisdiction over the matter and dismissed the case. Aetna appeals, claiming that the district court erred in dismissing the case because there was no pending parallel state court proceeding.

II.

Aetna filed this action pursuant to the Declaratory Judgment Act (the "Act"),[5] which states in relevant part that:

> In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such. [6]

The Act does not impose a mandatory obligation upon the federal courts to make such declarations of rights.[7] Rather, a district court's decision to entertain a claim for declaratory relief is discretionary and, as such, reviewed for abuse of discretion.[8]

This circuit has long recognized the discretion afforded to district courts in determining whether to render declaratory relief. As early as Aetna Casualty & Surety Co. v. Quarles, [9] we stated that the decision to grant or deny a petition for declaratory relief "is a matter resting in the sound discretion of the trial court." [10]

_____

[5] 28 U.S.C. § 2201 (1994).

[6] **Id.**
[7] **See Nautilus Ins. Co. v. Winchester Homes**, 15 F.3d 371, 375 (4th Cir. 1994).

[8] **See Wilton v. Seven Falls Co.** , 515 U.S. 277, 290 (1995).

[9] 92 F.2d 321 (4th Cir. 1937).
[10] **Aetna Casualty & Surety Co. v. Quarles**, 92 F.2d 321, 325 (4th Cir. 1937).

4

While we have held that district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions, we have nonetheless enumerated several factors to guide district courts in their exercise of this discretion. However, unlike the present case, these factors have been formulated in cases where there were parallel state court proceedings. Thus, we must address a question of first impression in this circuit, and one which the Supreme Court declined to resolve. In short, we must "delineate the outer boundaries of [the district court's] discretion in . . . cases in which there are no parallel state proceedings."[11]

III.

The factors which we have articulated to guide a district court in determining whether to exercise jurisdiction over a declaratory judgment action have their origin in Quarles. In that case, we noted that such an action should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted."[12] Based on this reasoning, we thus held that a district court should normally entertain a declaratory judgment action when it finds that the declaratory relief sought: (1) "will serve a useful purpose in clarifying and settling the legal relations in issue," and (2)"will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."[13]

In Mitcheson v. Harris,[14] we built upon the general principles set forth in Quarles. In Mitcheson, we addressed a situation in which an insurer came to federal court seeking a declaratory judgment on coverage issues while the underlying litigation against its insured was pending in state court. In that case, we indicated that the district court's discretion must be guided not only by the criteria outlined in Quarles, but by such considerations as federalism, efficiency, and

_____

[11] **Wilton**, 515 U.S. at 290.
[12] **Quarles**, 92 F.2d at 325.
[13] **Id.** (quoting Edwin M. Borchard, Declaratory Judgments 107-09 (1934)).
[14] 955 F.2d 235 (4th Cir. 1992).

5

comity.[15] We suggested that those additional concerns might require the court to consider:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law."[16]

Finally, in Nautilus Insurance Co. v. Winchester Homes, Inc.,[17] we added another related factor which "should figure into the discretionary balance."[18] District courts should consider "whether the declaratory judgment action is being used merely as a device for `procedural fencing' -- that is, `to provide another forum in a race for res judicata' or `to achiev[e] a federal hearing in a case otherwise not removable.'"[19]

IV.

Aetna contends that the absence of a pending parallel state court proceeding is "crucial, if not dispositive, to a District Court's decision of whether to exercise jurisdiction."[20] It argues that when, as here, there is no parallel state court action, the considerations of federalism, efficiency, and comity are less significant, and that instead, the court's decision should be guided by the two original factors outlined in Quarles -- whether the declaratory relief sought: (1) "will serve a

---

[15] **See Mitcheson v. Harris**, 955 F.2d 235, 237-40 (4th Cir. 1992).
[16] **Id.** (as cited in Nautilus, 15 F.3d at 377).
[17] 15 F.3d 371 (4th Cir. 1994).
[18] **Continental Casualty Co. v. Fuscardo**, 35 F.3d 963, 966 (4th Cir. 1994).
[19] **Nautilus**, 15 F.3d at 377 (quoting 6A J. Moore, B. Ward & J. Lucas, Moore's Federal Practice, ¶57.08[5] (2d ed. 1993)).
[20] Reply Br. at 6.

useful purpose in clarifying and settling the legal relations in issue," and (2) "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."[21] We disagree.

There is no requirement that a parallel proceeding be pending in state court before a federal court should decline to exercise jurisdiction over a declaratory judgment action.[22] Rather, as the district court stated, "[t]he existence or nonexistence of a state court action is simply one consideration relevant to whether to grant declaratory relief."[23] To hold otherwise would in effect create a per se rule requiring a district court to entertain a declaratory judgment action when no state court proceeding is pending. Such a rule would be inconsistent with our long-standing belief that district courts should be afforded great latitude in determining whether to grant or deny declaratory relief.

Of course, we do not seek to diminish the importance of a parallel state court proceeding in a district court's decision. Clearly, the existence of such a proceeding should be a significant factor in the district court's determination. But it is not dispositive. Rather, even in the absence of a state court proceeding, the criteria outlined in Quarles, as well as the considerations of federalism, efficiency, comity, and procedural "fencing," continue to be factors which the district court should balance when determining whether to assert jurisdiction over a declaratory judgment action. A district court does not exceed the bounds of its discretion when an appraisal of these factors weighs in favor of denying declaratory relief.

This is particularly true, when, as here, there are bona fide reasons for the lack of any pending state court action. The district court accepted Ind-Com's representation that the state of North Carolina will be an inevitable party to any claim it asserts. However, because

---

[21] **Quarles**, 92 F.2d at 325 (quoting Edwin M. Borchard, Declaratory Judgments 107-09 (1934)).

[22] **See Golden Eagle Ins. Co. v. Travelers Co.'s**, 103 F.3d 750, 754 (9th Cir. 1996) (stating that "the absence of a parallel state proceeding is not necessarily dispositive; the potential for such a proceeding may suffice.") (citation omitted); accord Budget Rent-A-Car v. Crawford, 108 F.3d 1075, 1080 (9th Cir. 1997).

[23] J.A. at 108.

the Project is public, Ind-Com's claim resolution process is governed by N.C.G.S. § 143-135.3, which does not allow a contractor to institute a civil action against the State until it has exhausted certain administrative remedies.[24] Absent some type of settlement, the district court found it inevitable that Ind-Com would eventually file a state action not only against Aetna, but also against Lott, the State, and Odell.[25]

## V.

Applying the foregoing principles to the present case, we cannot find that the district court "overstepped the bounds of its discretion"[26] in dismissing Aetna's declaratory judgment action. To the contrary, our review of the record indicates that the district court carefully considered the requisite factors in concluding that: (1) this case raises important issues of unclear state law in which the state of North Carolina has an important interest; (2) deciding this case would do little to clarify the legal relations between the parties or afford relief from

_____

[24] See N.C.G.S. § 143-135.3 (1996). This section does not allow an action to proceed against the State until the civil contractor has: (1) completed its contract; (2) received a final denial from the project architect of the additional compensation it seeks; (3) submitted a verified written claim to the director of the Office of State Construction of the Department of Administration; and (4) received a written statement of the director's decision on its claim.

[25] We note that the district court's prediction has come to pass since we heard oral argument in this case. By letter dated February 6, 1998, Ind-Com advised this court that it had exhausted its administrative remedies, and had thus filed a state court action. Included in this action are the same claims that Aetna asserted in seeking a declaratory judgment.

While this development confirms the inevitability of the state court proceeding, it does not affect our analysis here,"for we review the district court's decision to dismiss this action on the basis of the situation that confronted it at the time it made that decision. . . without regard to any later developments -- unless, of course, those developments are sufficient to render this entire action moot." Nautilus, 15 F.3d at 379 (citation omitted). Ind-Com's filing of a parallel state court proceeding has not rendered this dispute moot.

[26] Nautilus, 15 F.3d at 378.

8

uncertainty; (3) allowing this case to go forward would produce piecemeal litigation; and (4) Aetna was using the declaratory relief mechanism to engage in procedural fencing and forum shopping.

"[F]acts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are particularly within [the district court's] grasp."[27] Consequently, we will not second-guess the district court's balancing of the determinative considerations.

VI.

To summarize, we hold that a district court does not per se overstep the bounds of its discretion when it dismisses a declaratory judgment action in the absence of a pending parallel state court proceeding. Rather, such a dismissal is within the district court's discretion, and that discretion is not abused so long as the factors which we have enumerated to guide district courts in this determination weigh in favor of denying declaratory relief. As we hold that the district court correctly determined that those factors weighed in favor of dismissal, we affirm the district court's determination declining to exercise jurisdiction over Aetna's declaratory judgment action.

AFFIRMED

_____
[27] **Wilton**, 515 U.S. at 289 (citation omitted).

9