AETNA CASUALTY AND SURETY COMPANY, Plaintiff,

v.

ALPHA MECHANICAL, INC., Defendant.

No. 3:96CV242–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 1, 1998.

Alan W. Pope, Moore and Van Allen, Charlotte, NC, Charles Lewis, Jeffrey Leonard Hamera, Baker & McKenzie, Chicago, IL, for Plaintiff.

Fenton T. Erwin, Jr., B. David Carson, Erwin & Bernhardt, Charlotte, NC, for Defendant.

## MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, Senior District Judge.

**THIS MATTER** is before the Court on Plaintiff's Motion for Summary Judgment [document no. 30, filed on 3 July 1997] and Defendant's Brief in Opposition to Plaintiff's Motion for Summary Judgment ("Motion to Dismiss") [document no. 35, filed on 28 July 1997]. Because the Court finds that the facts of this case weigh strongly against hearing this declaratory judgment action, the Court will deny Plaintiff's Motion for Summary Judgment, and grant Defendant's Motion to Dismiss.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Plaintiff in this matter, Aetna Casualty and Surety Company ("Aetna"), issued a

payment bond and performance bond, on behalf of Lott Constructors ("Lott"), to the State of North Carolina for the construction of a new Student Activity Center located on the campus of the University of North Carolina at Charlotte (the "Project"). On or about June 1995, Lott abandoned the project. At that time, Aetna took over the duties of the general contractor which were previously performed by Lott.

On or about 19 June 1996, Aetna filed three separate lawsuits, one each against the other three co-prime contractors on the Project, in this federal court. In each action, Aetna sought or is seeking a declaratory judgment that none of the co-prime contractors has or had a claim against the payment bond or the performance bond.[1]

In *Aetna v. Ind–Com Electrical Co.*, ("*Ind–Com* case"), this Court abstained from exercising jurisdiction over plaintiff Aetna's request for declaratory relief. The Court stated several reasons for abstaining, including the fact that the case raised important issues of unclear state law in which the State of North Carolina had an important interest, an effort to avoid piecemeal litigation, and the belief that Aetna was using the declaratory relief mechanism as a device for procedural fencing and forum shopping. Accordingly, the Court granted defendant Ind–Com Electrical Co.'s motion to dismiss. (*See* Order, 29 January 1997.) Aetna filed a timely notice of appeal on 12 March 1997. The Court of Appeals for the Fourth Circuit recently affirmed this Court's ruling in its entirety. *Aetna Casualty & Surety Co. v. Ind–Com Electrical Co.*, 139 F.3d 419 (4th Cir. 1998).

In this matter, shortly after Aetna filed this lawsuit against Alpha, Alpha filed an action against Lott Constructors in state court in which Aetna has voluntarily intervened. Thus, there is a parallel state action involving both parties and common issues and operative facts. *See Alpha Mechanical, Inc. v. Lott Constructors, Inc. et al.*, 96CVS–9188 (Mecklenburg County) (the "state court

action"). In addition, after it completed its work on the Project, Alpha submitted a verified written claim with the Director of the Office of State Construction pursuant to North Carolina General Statute § 143–135.3. The written claim was pending before the Director when Aetna moved to dismiss Alpha's counterclaims which this Court denied. (Order, 13 March 1997.)

Next, Aetna filed this Motion for Summary Judgment. Alpha responded with several arguments. First, Alpha contended that the Court should refuse to exercise jurisdiction over the matter as the Court did in the *Aetna v. Ind–Com* case. Alpha argued that the facts in this case were virtually identical to those in the *Aetna v. Ind–Com* case, and, therefore, there was no justiciable issue. Alternatively, Alpha urged the Court to defer ruling on Aetna's Motion for Summary Judgment until after the Court of Appeals for the Fourth Circuit ruled on the *Aetna v. Ind–Com* appeal.

In deferring ruling on the action, this Court found that, while this matter and the *Aetna v. Ind–Com* matter share many of the same operative facts, the argument for abstention is even stronger in this matter because there is a parallel state action. However, in the interests of judicial efficiency and economy, the Court deferred ruling on Aetna's Motion for Summary Judgment and stayed all discovery deadlines until the Fourth Circuit ruled on the appeal in *Ind–Com*. Because the Fourth Circuit has issued its mandate in *Ind–Com*, the Court will now consider Aetna's Motion for Summary Judgment and Alpha's Motion to Dismiss in this matter.

## II. DISCUSSION AND ANALYSIS

As noted *supra*, in *Ind–Com*, this Court abstained from exercising jurisdiction over plaintiff Aetna's request for declaratory judgment and granted defendant Ind–Com Electrical Co.'s motion to dismiss. The Court of Appeals for the Fourth Circuit affirmed this

---

**1.** *Aetna Casualty & Surety Co. v. Alpha Mechanical, Inc.*, 9 F.Supp.2d 585 (W.D.N.C.1998) (Alpha Mechanical was the plumbing co-prime); *Aetna Casualty & Surety Co. v. Ind–Com Elec.*

*Co.*, 3:96CV241–P (Ind–Com Electrical Co. was the electrical co-prime); and *Aetna Casualty & Surety Co. v. Mechanical Indus.*, 3:96CV240 (dis-

Court's ruling. *Aetna Casualty & Surety Co. v. Ind–Com Electrical Co.*, 139 F.3d 419 (4th Cir. 1998). The facts in this case are virtually identical to those in *Ind–Com.* Thus, for virtually the same reasons this Court dismissed the action in *Ind–Com,* the Court will dismiss this matter.

The Declaratory Judgment Act does not mandate that a federal court declare the rights of the parties.[2] It is well-settled that the decision to render declaratory relief is left to the sound discretion of the trial court and the court may decline to exercise jurisdiction under the Act.[3]

■ In determining whether to entertain a suit for declaratory relief, the Fourth Circuit has enumerated several factors a court should consider. These include[4] (1) whether judgment will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the action will terminate and afford relief from uncertainty; (3) whether the action is being used to try a controversy piecemeal or to try particular issues without settling the entire controversy; (4) whether hearing the action is consistent with jurisprudential principles of federalism, efficiency, and comity;[5] and (5) whether the action is being used "merely as a device for 'procedural fencing'—that is, 'to provide another forum in a race for res judicata' or 'to achiev[e] a federal hearing in a case otherwise not removable.' "[6]

Aetna claims that the Court should continue to hear the case because Alpha seeks to recover, through its counterclaims, damages from Aetna allegedly caused by Aetna's principal, Lott. Thus, because of Alpha's counterclaims, there is a case or controversy between Aetna and Alpha. Hence, the Court has jurisdiction over the parties and the subject matter. Because there is a case or controversy and the Court has jurisdiction over the parties, Aetna argues that the Court should declare the rights between the parties under the Act.

Alpha, on the other hand, maintains that the Court should dismiss this case for the same reasons articulated by this Court in *Ind–Com:* this is a state law case and all of the issues should be litigated together in a state court. Moreover, Alpha asserts that the only reason it is in federal court is due to Aetna's filing this action.

■ The Court finds that the facts in this case are virtually identical to the facts in *Ind–Com.* As a result, the Court will dismiss this matter for the same reasons articulated in *Ind–Com.* Like the defendant in *Ind–Com,* defendant Alpha is proceeding with the administrative process to recover additional amounts due on the project. If that claim is denied, Alpha asserts that it will proceed with its claim against UNCC and the architect of the Project in the already filed state court action. In the state court action, Alpha has asserted its Project claims against Lott Constructors. Moreover, Aetna, be-

missed by joint stipulation of dismissal on 26 September 1996).

2. The Act states in relevant part:

In a case of actual controversy within its jurisdiction.... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201 (West 1992).

3. *Brillhart v. Excess Ins. Co. of America,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942); *Wilton v. Seven Falls Co.,* 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995); *Ind–Com,* 139 F.3d at 423 (citing *Aetna Casualty & Surety Co. v. Quarles,* 92 F.2d 321, 325 (4th Cir.1937)).

4. *See Ind–Com.,* 139 F.3d at 423–24 (summarizing factors) (citations omitted).

5. The Fourth Circuit suggested that these concerns might require the court to consider:

(i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law."

*Id.* (citations omitted).

6. *Id.* (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 377 (4th Cir.1994) (quoting 6A James Wm. Moore, *Moore's Federal Practice* ¶ 57.08[5] (2d ed.1993))).

cause of its own intervention, is an intervening defendant in the state court action.

This case, as in *Ind–Com*, raises important issues of unclear state law in which the State of North Carolina has an important interest. Like the defendant in *Ind–Com*, defendant Alpha asserts that Aetna is liable itself as a principal for the delays caused by its own actions in completing performance of the project. Alpha maintains that this is so even if Aetna is correct that it is free from liability on the bond for any injury caused by its principal, Lott. This issue has not yet been decided by a North Carolina court. As this Court stated in *Ind–Com*:

> Assuming Aetna's reading of North Carolina law is correct, the current statutory provision creates an extremely harsh result in cases like this one where a co-prime defaults on its obligations as a result of financial insolvency. It is not clear whether § 44A–26 insulates sureties who step in to manage a project, at least in part to minimize their exposure on a bond, from liability for damages that they in fact cause to co-primes of their principals. Such a rule would encourage sureties to minimize their losses at the expense of co-primes—with obvious implications for the cost of public contracts—but a different rule might discourage sureties from assuming management of a project for fear of creating liability to persons other than the state.

*Ind–Com*, No. 3:96CV241–P at 6. Under these circumstances, as it did in *Ind–Com*, the Court finds that the courts of the State of North Carolina should decide this issue.

Moreover, the interests of federalism, efficiency, and comity militate strongly in favor of dismissal. First, the Court notes that Aetna's winning the race to the courthouse by filing the declaratory judgment action in federal court before Alpha filed the state court action is given little weight, especially in cases like this in which the first party to file has notice of the other party's intent to

sue and there are good reasons that explain any delay on the part of their opponent. *Centennial Life Ins. Co. v. Poston,* 88 F.3d 255, 258 (4th Cir.1996); *see also Continental Cas. Co. v. Fuscardo,* 35 F.3d 963, 967 (4th Cir.1994). Next, as discussed *supra,* the State of North Carolina has a strong interest in deciding the issues that are now raised in this declaratory judgment action. In addition, the state court action includes parties other than Aetna and Alpha. Hence, although issuance of a declaratory judgment would settle part of the controversy between the Aetna and Alpha, it certainly would not settle the entire matter. Consequently, the Court finds that it would be more efficient for the state court to resolve the issues raised in the federal action at the same time it resolves the issues in the state court action.[7] Likewise, permitting the federal action to go forward could quite possibly result in unnecessary entanglement between the federal and state court systems because of overlapping issues of fact and law—the facts and issues of law are virtually the same. Accordingly, the Court finds that the interests of federalism, efficiency, and comity militate strongly in favor of dismissal of this action.

For similar reasons, discussed in *Ind–Com,*[8] dismissing this action will avoid trying the controversy in a piecemeal fashion. Alpha has already instituted an action in state court and Aetna intervened. In addition, Aetna has filed three separate declaratory judgment actions in this Court alone. If those actions proceed, there is little doubt that each co-prime will assert its claims against Lott, Aetna, and others in the federal actions. Insofar as the parties to the declaratory relief actions desire to assert claims against the State, they must file separate actions in state court. Consequently, if Aetna has its way, this single construction project would generate at least *six separate actions,* actions to begin before the project is complete, claims would be litigated while oth-

---

**7.** *See Poston,* 88 F.3d at 258 (efficiency and economy militated in favor of dismissing declaratory judgment action because, although issuance of a declaratory judgment would settle part of the controversy between the parties to the declarato-

ry judgment action, it would not settle the entire matter because there were more parties and additional claims in the state court action).

**8.** *Ind–Com* at 422–23.

ers delayed for administrative disposition, and this Court would be required to rule on an issue of state law which is important but unclear.

Finally, as this Court found in *Ind–Com*, the Court continues to believe that Aetna's decision to file three separate declaratory judgment actions is a clear indication that Aetna is attempting to use the declaratory relief mechanism as a device for procedural fencing and forum shopping.

### III. CONCLUSION

In sum, the Court finds that the facts of this case weigh strongly against hearing this declaratory judgment action. As a result, in order to reject the invitation to contribute to the multiplication of suits that will arise from this construction project, the Court will dismiss this action.

### IV. ORDER

**NOW, THEREFORE, IT IS ORDERED** that Aetna's Motion for Summary Judgment [document no. 30] be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that Alpha's Motion to Dismiss [document no. 35] be, and hereby is, **GRANTED.**