**BRANDT TRUCKING COMPANY, et al., Plaintiffs,**

v.

**Jewell STEVENS, et al., Defendants.**

**No. 1:99CV00158.**

United States District Court, W.D. Virginia, Abingdon Division.

July 7, 2000.

Mark S. Paullin, Smith & Jensen, P.C., Richmond, VA, for plaintiffs.

John M. Lamie, Browning & Lamie, P.C., Abingdon, VA, for Jewell Stevens, defendant.

Johnny Allen Martin, Abingdon, VA, for Joseph P. Burnsworth, defendant.

Nancy Combs Dickenson, Lebanon, VA, for Thomas F. Burnsworth, defendant.

Daniel Hill Caldwell, Penn, Stuart & Eskridge, Abingdon, VA, for GEICO, defendant.

## OPINION

JONES, District Judge.

The question is whether the court should abstain from deciding this declaratory judgment action over insurance coverage because of the pendency of the underlying state court tort action. Finding that the state court proceeding will decide the matters at issue, I will dismiss this action without prejudice.

### I

Jewell Stevens was injured on December 11, 1997, when her automobile was struck by a truck in Russell County, Virginia. She thereafter filed suit in the Circuit Court of Russell County to recover damages against Thomas Burnsworth, the purported driver of the truck, as well as Brandt Trucking Company ("Brandt"), a

Delaware corporation, alleged to be the employer of Thomas Burnsworth at the time of the accident.

Brandt answered the suit on July 29, 1999, contending that it was neither the owner of the truck nor the employer of Thomas Burnsworth. On October 21, 1999, Brandt and Continental National Indemnity Company ("Continental"), Brandt's liability insurer, filed the present action in this court against Stevens, Thomas Burnsworth, his two brothers, James Burnsworth and Joseph Burnsworth, and GEICO, Stevens' uninsured motorists insurance carrier. Brandt and Continental seek a declaration that there is no coverage of the accident under Continental's insurance policy and that Brandt has no liability, by virtue of the doctrine of respondeat superior or otherwise, for any negligent operation of the truck.

All of the defendants to this declaratory judgment action answered except Joseph Burnsworth and James Burnsworth. At a hearing on the plaintiffs' motion for default judgment against those defendants, the court raised sua sponte the issue of whether it ought to exercise discretion to refuse jurisdiction of the case. On June 6, 2000, the court entered an order requiring the parties to show cause within twenty days, if any they could, why the court should not decline to exercise jurisdiction. The question is now ripe for decision.

## II

■ The federal declaratory judgment statute, 28 U.S.C.A. § 2201(a) (West 1994), is discretionary and authorizes the court to decline jurisdiction when appropriate. *See United Capitol Ins. Co. v.*

*Kapiloff,* 155 F.3d 488, 493 (4th Cir.1998). When a pending state action exists,[1] the court ought to consider the following factors in deciding whether to abstain:

(1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary "entanglement" between the state and federal courts; and (4) whether the federal action is mere "procedural fencing," in the sense that the action is merely the product of forum-shopping.

*Id.* at 493–94 (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 377 (4th Cir.1994)).

■ The underlying state court action here certainly involves key issues of fact and law common to this case. Brandt's defense in the state court action—that the truck was not on its business at the time of the accident—is identical to the ruling that it wishes this court to make in the present declaratory judgment action.[2] Moreover, Continental's insurance policy covers only those trucks owned or hired by Brandt[3] and it is argued in both cases that Brandt's lease of the particular truck in question was not in effect when the accident occurred. While Continental is not a formal party to the state court action, it is providing a defense to Brandt in that case and has the same counsel as Brandt.

In short, the plaintiffs desire this court to decide in advance the defense available to Brandt in the tort action. While this defense raises no novel issues of state law, deciding it now would clearly preempt the state court's adjudicatory process.

---

1. Even when no parallel state action exists, the court has the discretion to abstain under certain circumstances. *See Aetna Cas. & Sur. Co. v. Ind–Com Elec. Co.,* 139 F.3d 419, 423 (4th Cir.1998).

2. Under Virginia law, "[t]he general rule is that a master is vicariously liable for the tortious acts of the servant committed by the

servant while acting within the scope of the servant's employment." Charles E. Friend, *Personal Injury Law in Virginia* § 9.2, at 239 (1990).

3. A copy of the policy appears as exhibit A to the complaint.

The only reason offered by the plaintiffs in support of retention of jurisdiction relates to Virginia's limited summary judgment practice. According to the plaintiffs, there is substantial factual evidence developed in discovery depositions that the truck was being driven by James Burnsworth, that he was the owner of the truck, and that he was on a personal trip unrelated to any business of Brandt's. However, under Virginia procedure, summary judgment cannot be based on discovery depositions unless all of the parties agree. *See* Va.Code Ann. § 8.01–420 (Michie 1992); Va. Sup.Ct. R. 3:18 (Michie 2000). Thus, absent agreement, Brandt will be unable to obtain summary judgment prior to the state court trial, even assuming that its defense is good. For this reason, it is argued that it is more efficient for this court to decide Brandt's defense, saving it the expense and uncertainty of waiting until trial in the state court.

It is true that Virginia's legislatively-imposed summary judgment rule is highly restrictive. Indeed, Virginia is perhaps the only American jurisdiction that precludes the use of depositions in support of summary judgment. *See* Kent Sinclair & Patrick Hanes, *Summary Judgment: A Proposal for Procedural Reform in the Core Motion Context*, 36 Wm. & Mary L.Rev. 1633, 1696 (1995). This procedure has been the subject of broad criticism, but the efforts of the Virginia plaintiffs' bar

have so far prevented a change in the statute. *See id.* at 1701.

In spite of the unique nature of Virginia summary judgment practice (or more accurately, non-practice), I find that this circumstance alone does not tip the scales in favor of retaining jurisdiction, at least in this case. While Brandt and Continental may have to forego an early determination of liability, the issue will eventually be determined at trial, either by the state trial judge on a motion to strike the plaintiff's evidence (equivalent to the federal rule 50 motion for judgment as a matter of law) or, if there is a material factual dispute, by the jury. The additional cost, if any, incurred by the parties in foregoing summary judgment and proceeding to trial on this issue does not, in my opinion, justify this court's interference with the state's judicial authority over a purely state law dispute.[4]

### III

For the foregoing reasons, I will exercise my discretion and decline to entertain this declaratory judgment action.[5] A final order will be entered dismissing the case without prejudice.[6]

4. One of the purposes of a declaratory judgment is to remove uncertainty, *see Nautilus Ins. Co.*, 15 F.3d at 375, and it might be cogently argued that pretrial settlement of the underlying tort claim is more likely if the liability of Brandt and Continental were determined now, in this proceeding, which would in turn determine the exposure of GEICO, the uninsured motorists insurer. While this is a consideration, I have confidence in the ability of counsel for the various parties to make reasonable predications of how the run-of-the-mill state law issues in this case will be ultimately decided, and to so advise their clients. Thus, uncertainty of result, while a consideration, is not determinative of the abstention question.

5. Joseph Burnsworth has moved to be relieved of his default. In view of my decision to abstain from deciding the case, however, his motion will be denied as moot.

6. The plaintiffs have requested that in lieu of dismissal, the court stay the action. No good reason for a stay is apparent, however. As discussed above, the issue of Brandt's liability for the accident will be eventually decided in the state court action. If it is decided adversely to Brandt, an appeal will lie in Virginia's court system, and not in the lower federal courts, since only the Supreme Court has the authority to review state court judgments. *See* 28 U.S.C.A. § 1257 (West 1993); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44

---

S.Ct. 149, 68 L.Ed. 362 (1923). It is theoretically possible, I suppose, that Brandt could be found not liable in the tort case, but a question still arise as to whether Continental's insurance policy has coverage over the accident. The facts of this case appear to make that possibility remote. In this unlikely event, the present dismissal does not preclude a new action.