UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

AMERICAN NATIONAL PROPERTY AND
CASUALTY COMPANY, a Missouri
corporation,

　　　　　　　*Plaintiff-Appellant,*

　　　　　　v.

WILLIAM J. SKILES; ANN E. SKILES,
　　　　　　　*Defendants-Appellees.*

No. 00-2030

Appeal from the United States District Court
for the Southern District of West Virginia, at Parkersburg.
Joseph Robert Goodwin, District Judge.
(CA-00-451-6)

Argued: January 25, 2001

Decided: March 6, 2001

Before WILKINSON, Chief Judge, WILKINS, Circuit Judge, and
James H. MICHAEL, Jr., Senior United States District Judge for
the Western District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** James Daniel McQueen, Jr., MCQUEEN, HARMON &
POTTER, Charleston, West Virginia, for Appellant. Alex Jay Shook,
HAMSTEAD, HAMSTEAD & WILLIAMS, Morgantown, West Vir-
ginia, for Appellees. **ON BRIEF:** Kathleen Harmon-McQueen,

Heather M. Wright, MCQUEEN, HARMON & POTTER, Charleston, West Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Defendant-Appellee William J. Skiles was injured in an automobile accident and sought coverage for his injuries under his automobile insurance and umbrella policies. His insurance company, Plaintiff-Appellant American National Property and Casualty Company, sued him and his wife in the Southern District of West Virginia, seeking a declaration of the parties' rights under the policies. Meanwhile, the Skiles had simultaneously sued American National in the Brooke County, West Virginia state circuit court, also seeking, *inter alia*, a declaratory judgment. The Skiles' state court action subsequently was removed to the federal district court for the Northern District of West Virginia. The Skiles filed a motion to remand, which is currently pending in the Northern District.

In the Southern District action, the Skiles filed a motion to dismiss. Upon consideration thereof, the district court declined to exercise jurisdiction over American National's declaratory judgment action, and dismissed the case. American National appeals.

We review a district court's decision not to proceed with a declaratory judgment action for an abuse of discretion. *See Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 421 (4th Cir. 1998). The Fourth Circuit has set forth several factors for district courts to consider in deciding whether to exercise their discretion to hear declaratory judgment actions:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state

courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;[ ] (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law"[; and (iv)] whether the declaratory judgment action is being used merely as a device for "procedural fencing" . . . .

*Centennial Life Ins. Co. v. Poston*, 88 F.3d 255, 257 (4th Cir. 1996) (quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)) (alterations in *Centennial Life*).

When considered in the instant case, these factors indicate there was no abuse of discretion. First, the state interest in deciding the issues presented in this case is significant, because no West Virginia state court has decided the question of whether insurance companies must offer underinsurance motorist coverage on umbrella policies pursuant to West Virginia Code § 33-6-31. Second, it is more efficient for the issues raised in American National's Southern District action to be resolved in the court in which the Skiles' state action is pending.* While the Skiles' Northern District action would resolve the entire controversy, American National's Southern District action would resolve only part of the controversy, because the Northern District action contains two defendants and a number of issues not present in the Southern District action. It clearly would promote judicial efficiency to resolve the entire controversy in one action in the Northern District. Third, permitting American National's action to go forward would result in unnecessary "entanglement" between it and the Skiles' now-removed state court action, because the question of insurance coverage overlaps both cases. Fourth, the district court did not clearly err in finding no evidence of procedural fencing.

Accordingly, the district court did not abuse its discretion in granting the Skiles' motion to dismiss.

*AFFIRMED*

---

*I.e.* the Northern District of West Virginia or the Brooke County Circuit Court, depending on the disposition of the Skiles' motion to remand.