**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1792**

JENNIFER NICOLE FOSTER,

Plaintiff - Appellant,

v.

AMANDA FISHER, Magistrate, 28th Judicial District, State of North Carolina, in her official and individual capacities; JACK VAN DUNCAN, Sheriff, Buncombe County, North Carolina, in his official and individual capacities; JOHN DOE, Buncombe County Sheriff Deputy Number One, in his official and individual capacities; CALVIN HILL, Chief District Court Judge, 28''' Judicial District, State of North Carolina, in his official and individual capacities,

Defendants - Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:14-cv-00292-MR-DSC)

Submitted: April 28, 2017                    Decided: May 18, 2017

Before TRAXLER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jennifer Nicole Foster, Appellant Pro Se. Grady L. Balentine, Jr., Special Deputy Attorney General, Raleigh, North Carolina; Curtis William Euler, Asheville, North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jennifer Nicole Foster filed a civil action under 42 U.S.C. § 1983 (2012) against Magistrate Amanda Fisher, Chief District Judge Calvin Hill, and other defendants not relevant to this appeal. Foster appeals the district court's orders adopting the recommendation of the magistrate judge and granting the Defendants' motions to dismiss and denying Foster's motion to alter or amend the judgment. We affirm.

## A.

First, Foster argues that the district court erred in rejecting her perjury claim against Fisher. We agree with the district court that Foster has failed to articulate how the alleged perjury amounts to a viable civil rights claim under 42 U.S.C. § 1983 (2012). Likewise, she fails to suggest that Fisher's alleged perjury gives rise to a private right of action absent a civil rights violation. In light of these determinations, we conclude that it is unnecessary to evaluate Foster's arguments regarding the district court's application of *Rooker-Feldman*[*] and absolute witness immunity.

## B.

Next, Foster contends that the district court erred in granting Fisher judicial immunity as to Foster's claims arising out of her arrest and detention. "[J]udges are absolutely immune from suit for a deprivation of civil rights" for actions taken within their jurisdiction. *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992). "Magistrates are

---

[*] *Dist. Of Columbia Ct. App. v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

3

judicial officers, and are thus entitled to absolute immunity under the same conditions as are judges." *Id.* However, to be entitled to immunity, the act taken must be a "judicial act"—i.e., a "function [that is] normally performed by a judge, and [for which] the parties dealt with the judge in his or her judicial capacity." *Id.* (citation and internal quotation marks omitted). In addition, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted). After review of the record, we conclude that Fisher was performing a judicial act, and that she did not act in the clear absence of all jurisdiction, as she was exercising her statutorily-authorized contempt power. Accordingly, we conclude that the district court correctly determined that Fisher is entitled to judicial immunity for any claims for monetary relief arising out of the original contempt determination or Foster's arrest and detention.

Because judicial immunity does not apply to claims for equitable relief, *Timmerman v. Brown*, 528 F.2d 811, 814 (4th Cir. 1975), we next consider whether the district court erred in denying declaratory relief on Foster's claims that Fisher violated her constitutional rights by illegally arresting and convicting her and by detaining her through improper bond procedures. We conclude that the district court did not abuse its discretion in declining to grant Foster declaratory relief because Foster has failed to demonstrate that doing so would relieve any "uncertainty, insecurity, and controversy." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998).

4

## C.

Finally, Foster contends that the district court erred in rejecting her allegations that Hill is liable for Fisher's constitutional violations based on his role as Chief Judge of North Carolina's 28th Judicial District. To establish a claim of supervisory liability under § 1983, Foster must show that (1) Hill had knowledge that Fisher engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury; (2) Hill's response to this knowledge was sufficiently inadequate to amount to deliberate indifference; and (3) there was a causal link between Hill's inaction and the constitutional injury. *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014). Foster has failed to satisfy this burden, as she cannot demonstrate that Hill had supervisory authority over Fisher, much less that he provided an inadequate response to known problematic conduct that was causally related to Foster being held in contempt.

Accordingly, we deny Foster's motion to appoint counsel and affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*