Jesse A. CHAPMAN, Plaintiff,

v.

CLARENDON NATIONAL INSUR-
ANCE COMPANY, Empire Fire and
Marine Insurance Company, Scotts-
dale Indemnity Company, a/k/a Scotts-
dale Insurance Company, Allstate In-
surance Company, Dollar Rent A Car
Systems, Inc., a/k/a Dollar Rent–a–
Car, t/a Dollar Rent–a–Car, P.R.T. En-
terprises, Inc., t/a Dollar Rent–a–Car,
P.R.P. Enterprises, Inc., t/a Dollar
Rent–a–Car, Christine Bouchonville,
and Andrew J. Bouchonville, Defen-
dants.

No. 2:03CV784.

United States District Court,
E.D. Virginia,
Norfolk Division.

Jan. 7, 2004.

Douglas B. Wessel, Esquire, Reston, VA, for Plaintiff.

Eric S. Jensen, Esquire, Mark S. Paullin, Esquire, Jensen & Associates, PC, Richmond, VA, Ira S. Lipsius, Esquire, Schindel, Farman & Lipsius, LLP, New York City, for Defendant Clarendon National Insurance Company, Scottsdale Indemnity Co., Dollar Rent A Car, P.R.T. Enterprises, Inc., and P.R.P. Enterprises.

George J. Dancigers, Esquire, Deborah B. Vaughn, Esquire, McKenry, Dancigers, Warner, Dawson & Lake, PC, Norfolk, VA, for Defendants Empire State and Marine Insurance Company.

## OPINION AND ORDER OF REMAND

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant Empire Fire and Marine Insurance Company's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. For the reasons set forth below, the court declines jurisdiction and **REMANDS** the suit to the Circuit Court of the City of Norfolk. Accordingly, defendant's motion is **MOOT**.

### I.  Procedural History

On or about October 18, 2002, plaintiff Jesse A. Chapman, a resident of Virginia, filed a complaint in the Norfolk Circuit Court, requesting judgment under Virginia Code § 8.01–184, which authorizes Virginia circuit courts to afford declaratory relief in cases of actual controversy.[1] The complaint alleges that a jury awarded plaintiff a $1.5 million verdict at the conclusion of an October, 2001 personal-injury trial. The verdict awarded damages for injuries plaintiff sustained in an automobile accident caused by defendant Christine Bouchonville's negligence. Plaintiff alleges that at the time of the accident, he was driving a 1997 Plymouth Breeze ("the rental car") he rented at Norfolk International Airport from defendants P.R.T. Enterprises, Inc. ("PRT"), and P.R.P. Enterprises, Inc. ("PRP"), affiliates of defendant Dollar Rent A Car Systems, Inc. ("Dollar Rent–a–Car"). Plaintiff alleges that defendants PRT, PRP, and Dollar Rent–a–

---

**1.**  Code § 8.01–184 provides:

In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills, and other instances of writing, statutes, municipal ordinances and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

Va.Code Ann. § 8.01–184 (2000).

Car owned the rental car he was driving, and that defendants Clarendon National Insurance Company ("Clarendon"), Empire Fire and Marine Insurance Company ("Empire"), and Scottsdale Indemnity Company ("Scottsdale"), insured Dollar Rent–a–Car and the rental car.[2] No insurance contracts are attached to the complaint. Plaintiff further alleges that Christine Bouchonville was driving a car owned by defendant Andrew J. Bouchonville, and insured by defendant Allstate Insurance Company ("Allstate"), for the state minimum liability coverage limit of $25,000. As relief, plaintiff requests a declaratory judgment in his favor, declaring:

a.  that the three insurers provided coverage inuring to [plaintiff's] benefit in amounts determined by this Court based upon this Complaint and evidence to be submitted to this Court.

b.  that one or more of the three insurers shall issue payment to [plaintiff] for the amount of the personal-injury verdict, including principal, interest and costs.

c.  that [plaintiff] shall be awarded his costs and expenses, and attorney's fees, in accordance with Section 8.01–186 and/or Section 8.01–190, Code of Virginia, as amended, and as the law may otherwise permit.

d.  each party's respective rights, status and other legal relations and obligations under the applicable law and insurance policies.

e.  that Mr. Chapman should be granted such other relief as the Court may deem just and appropriate under the circumstances of the case, in accordance with Section 8.01–186, Code of Virginia, as amended.

(Compl. at 6.)

On November 6, 2003, Clarendon filed notice of removal to this court. Attached to the notice were Empire's and Scottsdale's notices of consent to and joinder in removal. Clarendon contends that, pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332, the lawsuit is removable to federal court based on diversity of citizenship because, despite the fact that defendants PRT, PRP, Christine Bouchonville, and Andrew J. Bouchonville are citizens of Virginia, all four are merely nominal or formal parties which may be disregarded for diversity purposes. According to Clarendon, the three insurers are the only real parties-in-interest to this lawsuit, and therefore there is complete diversity and the lawsuit is subject to removal because each of the three insurers is incorporated and has its principal place of business in a state other than Virginia.

On November 7, 2003, Empire filed both an answer to plaintiff's complaint and a motion to dismiss the complaint for failure to state a claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its memorandum in support of the motion to dismiss, Empire claims that Virginia Code § 8.01–184, as interpreted by Virginia courts, would not afford relief under the circumstances of this case. On November 14, 2003, Clarendon, Dollar Rent–a–Car, PRT, and PRP filed an answer to plaintiff's complaint in this court, despite the fact that three of them had not consented to removal and that PRT and PRP are citizens of Virginia. On November 24, 2003, plaintiff untimely filed a brief in response to Empire's motion to dismiss, essentially arguing that the standard for

---

2.  Defendants Clarendon, Empire, and Scottsdale are hereinafter referred to collectively as "the three insurers."

dismissal on Rule 12(b)(6) grounds was not met based on the complaint. On November 26, 2003, Empire filed its reply brief to plaintiff's opposition. In its short reply brief, Empire argues, citing federal law, that "[w]hile this court may well have authority to treat this matter as a declaratory judgment, the Court has discretion to decline to do so." (Empire's Reply Br., at 1.) On December 17, 2003, defendant Scottsdale filed its answer. The matter is ripe for review.

## II. Analysis

A complaint should not be dismissed pursuant to Rule 12(b)(6) for failure to state a claim unless it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Labram v. Havel,* 43 F.3d. 918, 920 (4th Cir.1995). The court must accept the complaint's factual allegations as true and view all allegations in a light most favorable to the nonmoving party. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *GE Inv. Private Placement Partners II v. Parker,* 247 F.3d 543, 548 (4th Cir.2001).

■ Prior to considering a motion to dismiss a claim on its merits, a federal court must be satisfied that it has subject-matter jurisdiction to adjudicate the claim. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). If the court determines that it has no subject matter jurisdiction over a lawsuit that has been removed from state court, the suit must be remanded. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). It is not clear to the court that there is any basis for subject matter jurisdiction over plaintiff's declaratory judgment action. Of the nine defendants named in the complaint, four are citizens of Virginia. Plaintiff seeks a declaration of "each party's respective rights, status and other legal relations and obligations under the applicable law and insurance policies." (Compl. at 6.) Thus, whether any of the Virginia defendants is a party-in-interest to the declaratory judgment is, at a minimum, a difficult question. However, because even if there were diversity in this case the court would decline jurisdiction, the issue need not be reached. *See Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584–85, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (holding that *Steel Co.* "does not dictate a sequencing of jurisdictional issues," and stating that "[i]t is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits").

■ When a case is removed from state to federal court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1441(a), the federal court applies state substantive law and federal procedural law. *See Gasperini v. Ctr. for Humanities, Inc.,* 518 U.S. 415, 427, 116 S.Ct. 2211, 135 L.Ed.2d 659 (1996) ("[F]ederal courts sitting in diversity apply state substantive law and federal procedural law."); 14C Charles Alan Wright *et al., Federal Practice and Procedure* § 3738, at 390–91 (3d ed. 1998) ("After the removal of an action from state court . . . [t]he case will proceed as if it had been brought in federal court originally."). Both the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Virginia Code § 8.01–184 are procedural; they do not create or change any substantive rights. *Skelly Oil Co. v. Phillips Petroleum,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Liberty Mut. Ins. Co. v. Bishop,* 211 Va. 414, 419, 177 S.E.2d 519

(1970). Thus, once removed, an action originally filed under Virginia Code § 8.01–184 is treated by the federal court as though it had been filed under 28 U.S.C. § 2201. *See First Nationwide Mortgage Corp. v. FISI Madison, LLC,* 219 F.Supp.2d 669, 672 n. 1 (D.Md.2002) (reaching same conclusion in case originally filed under Maryland law). Of course, the substantive law underlying the claim for declaratory relief (e.g., contract law) remains Virginia law. *Gasperini,* 518 U.S. at 427, 116 S.Ct. 2211.

■ Title 28 U.S.C. § 2201 affords district courts the discretionary authority to grant declaratory relief in cases where doing so "(1) will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding."[3] *Aetna Cas. & Sur. Co. v. Ind–Com Elec. Co.,* 139 F.3d 419, 422 (4th Cir.1998). The Supreme Court has emphasized that the Declaratory Judgment Act "created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants," and that "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). Nevertheless, the court may not decline jurisdiction "out of whim or personal disinclination, but may only do so for good reason." *Nautilus Ins. Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 375 (4th Cir.1994) (citations omitted).

■ When determining whether to exercise jurisdiction over a declaratory judgment claim, the court should take into account considerations of federalism, efficiency, and comity. *Aetna,* 139 F.3d at 422. In particular, the court should consider: (1) the strength of the state's interest in having the issues raised decided in state courts; (2) whether the issues raised can be more efficiently resolved in a pending state court action; (3) whether permitting the action to go forward would result in unnecessary "entanglement" between the federal and state courts; and (4) whether the federal action is being used merely as a device for "procedural fencing." *Id.* A balance of these factors should determine whether the court exercises its discretion to hear the declaratory action. *Id.* at 424.

■ Based on the principles enunciated by the Supreme Court in *Wilton* and the multi-factor balancing test developed by the Fourth Circuit as set forth in *Aetna,* the court declines jurisdiction over plaintiff's declaratory judgment action. First, states have a particularly strong interest in regulating the insurance industry, *see SEC v. Nat'l Sec. Inc.,* 393 U.S. 453, 458–59, 89 S.Ct. 564, 21 L.Ed.2d 668 (1969), and the Virginia legislature has provided extensively for under-insured motorist coverage in § 32.2–2206 and related Code sections. Interpreting the scope of any under-insured motorist coverage and determining what effect it should be given as to the driver of a rental car under state contract and insurance law involves issues

---

**3.** In relevant part, 28 U.S.C. § 2201(a) provides:

In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration whether further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C.A. § 2201(a) (1994).

that are especially important to a state and particularly appropriate for state court adjudication.

Second, this entire controversy can be more efficiently adjudicated in the Norfolk Circuit Court. Plaintiff did not attach any insurance contracts or other documents indicating that such contracts exist to his complaint. Each of the three insurers has denied that it issued an insurance policy covering the rental car at the time of the underlying accident. If it later comes to light that a different company's policy provided under-insured motorist coverage on the rental car, plaintiff will almost certainly seek payment from whatever insurance company issued that policy. In fact, it is quite possible that no insurance policy had been issued on the rental car at all. Under Virginia Code § 46.2–368, persons or companies with sufficient assets may "self-insure." It appears that rental car companies do so with some frequency. *See e.g.*, *USAA Cas. Ins. Co. v. Hertz Corp.*, 265 Va. 450, 455–56, 578 S.E.2d 775 (2003) (Hertz self-insures); *Martin v. Nat'l Car Rental Sys., Inc.*, 1997 WL 1070576, 42 Va. Cir. 179, 181 (1997) (National Car Rental self-insures). Further, because it is highly unlikely that the total amount of under-insurance coverage on the car can satisfy the remainder of the outstanding judgment, plaintiff is likely to institute additional actions against Christine Bouchon-ville or plaintiff's own insurers to recover for the damages he suffered. These cases may not be removable to this court. Several cases concerning the same basic claim for payment of a judgment would be inefficient.

Third, there is a risk that permitting this declaratory judgment action to go forward would result in entanglement between the federal and state courts. If plaintiff does seek to recover his judgment from additional parties, these suits may hinge on the outcome of this declaratory judgment action. For example, under Virginia Code § 38.2–2206(B), if an insured is entitled to under-insured motorist coverage under more than one policy, he can recover from a policy under which he is the named insured but that covers a vehicle not involved in the accident, but only after he recovers whatever is due to him under a policy covering the motor vehicle actually involved in the accident. In other words, if plaintiff owned an insured automobile at the time of the accident, any suit plaintiff brings to recover from his own auto-insurance policy will become entangled with this declaratory judgment action, because the availability of relief would be contingent on the insufficiency of the rental car's under-insured motorist coverage.

Finally, and perhaps most importantly, it appears that removal of this case to federal court was the type of 'procedural fencing' that the courts seek to minimize by declining jurisdiction. The three insurers removed this suit to federal court on November 6, 2003. On November 7, 2003, Empire filed a motion to dismiss the case for failure to state a claim, and an accompanying memorandum that relied on state procedural law that was no longer relevant because the case had been removed to federal court.[4] Apparently realizing the inapplicability of cases construing Virginia Code § 8.01–184, Empire filed a reply brief on November 26, 2003, asking the court instead to decline jurisdiction under *Aetna*. Doing so (as the court now does) would not have required dismissal for failure to state a claim, but simply would have resulted in remand to the Norfolk Circuit Court.[5] Empire's motion to dismiss based

---

4. *See supra* at 6–7.

5. Where the court declines jurisdiction over a case seeking only declaratory or injunctive

on this court's discretionary ability to decline jurisdiction casts significant doubt on the purpose of Empire's consent to Clarendon's November 6, 2003 removal petition. At the very least, it signals to the court that the removal itself was not entirely motivated by legitimate concerns about litigating in the Norfolk Circuit Court. In short, it appears to have been an act of procedural fencing.

### III. Conclusion

For the reasons set forth above, the court **REMANDS** plaintiff's declaratory judgment action to the Circuit Court of the City of Norfolk. Empire's motion to dismiss for failure to state a claim is **MOOT**. The clerk is **DIRECTED** to mail a certified copy of this Opinion and Order of Remand to the Clerk of the Circuit Court of the City of Norfolk. The Clerk is further **DIRECTED** to send a copy of this Opinion and Order of Remand to counsel for all parties.

**IT IS SO ORDERED.**

relief, it has the power in appropriate circumstances to either dismiss the case or to remand it to the state court. *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 721, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). District courts in the Fourth Circuit have dismissed or remanded removed state declaratory judgment actions depending on the circumstances. *Compare First Nationwide,* 219 F.Supp.2d at 674 (dismissing declaratory judgment action upon declining jurisdiction where a contemporaneous action in a Tennessee federal district court could more efficiently adjudicate the dispute); *with Beach Cove Assoc. v. U.S. Fire Ins. Co.,* 903 F.Supp. 959, 963 (remanding to state court declaratory judgment action after declining jurisdiction where plaintiffs requested remand). For the reasons set forth in this opinion, i.e., concerns of efficiency, comity, and federalism, remand is more appropriate in this case.