William LLOYD, Plaintiff,

v.

**TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, a/k/a Travelers Property Casualty Insurance Com., a/k/a Travelers, et al., Defendants.**

No. 1:10cv47.

United States District Court,
E.D. Virginia,
Alexandria Division.

March 19, 2010.

Peter S. Everett, Laurie Lea Proctor, Mark A. Towery, Blankingship & Keith PC, Fairfax, VA, for Plaintiff.

Kathryn Elizabeth Kransdorf, Hancock Daniel Johnson & Nagle PC, Glen Allen, VA, Daniel L. Robey, Robey Teumer Drash Kimbrell & Counts, Fairfax, VA, for Defendants.

### ORDER

T.S. ELLIS, III, District Judge.

At issue in this removed diversity declaratory judgment matter is plaintiff's motion to remand this case to the Fairfax County Circuit Court for lack of subject matter jurisdiction. Plaintiff alleges that subject matter jurisdiction is lacking because the parties are not fully diverse. Defendant-insurer contends that the non-diverse parties are mere nominal parties

whose presence in the case does not destroy diversity. Plaintiff's motion has been fully briefed and argued and accordingly, the matter is now ripe for disposition.

## I.[1]

Plaintiff, William Lloyd, is a resident and citizen of Virginia. Defendant Travelers Property Casualty Insurance Company ("Travelers") is an insurance company, organized under the laws of Connecticut with its principal place of business in Connecticut. Travelers issued a personal automobile insurance policy to plaintiff. The six additional defendants named, Bryan Dale Royal, Classic Springs, LLC, Prince William Construction, LLC, Prince William Construction Company, Cutting Edge Landscape, LLC, and Cutting Edge Lawn Care, LLC (collectively "tortfeasor defendants"), are all citizens of Virginia. Additionally, Travelers alleges that three of the tortfeasor defendant-entities—Prince William Construction Company, Cutting Edge Landscaping, LLC, and Cutting Edge Lawn Care, LLC—are now defunct.

This action, and a related personal injury suit currently underway in Fairfax County Circuit Court, stem from an automobile accident that occurred in Manassas, Virginia on November 16, 2007. On that date, plaintiff was driving his vehicle on Dumfries Road in Manassas. At the same time, defendant Royal, an employee either of defendant Cutting Edge Landscape, LLC or of defendant Cutting Edge Lawn Care, LLC, was operating a pickup truck owned by Cutting Edge Landscaping, LLC on Crossbow Drive, a minor cross-street that intersects Dumfries Road. The intersection operates with two-way stop signs configured such that traffic on Dumfries Road always has the right of way.

Notwithstanding this alignment, plaintiff alleges that Mr. Royal negligently "ran" the stop sign and collided with plaintiff's vehicle in the intersection. Plaintiff further alleges that Classic Springs, LLC and the two Prince William Construction Company defendants are liable because they left large construction equipment at the intersection, thereby blocking Royal's view of oncoming traffic. As a result of the accident, plaintiff alleges that he suffered serious permanent injuries, including a traumatic brain injury. The insurance policy covering the vehicle operated by Mr. Royal does not adequately cover the expenses incurred as a result of plaintiff's injuries and thus, the underinsured motorist provisions of plaintiff's policy are in issue here.

Plaintiff filed a personal injury action against the tortfeasor defendants in Fairfax County Circuit Court. He also filed this action in the same state court, in which he seeks a declaratory judgment concerning whether the coverage limits on the underinsured motorist provisions of his Travelers insurance policy are "stackable." More specifically, plaintiff's insurance policy covers his seven household vehicles in amounts up to $250,000. Plaintiff contends that he is entitled to "stacking" of these coverage limits, such that he may receive up to $1.75 million in underinsured motorist coverage. As defendants in the declaratory judgment action, plaintiff named Travelers and the tortfeasor defendants. Thereafter, Travelers removed the declaratory judgment action to this Court, and plaintiff subsequently filed his motion to remand.

Travelers contends that the tortfeasor defendants are merely nominal parties, or, in other words, that they are not real and substantial parties in interest in this ac-

---

1. The facts recited herein are derived from the complaints and the parties' briefs and are not materially disputed.

tion, and thus their citizenship is properly disregarded for purposes of determining whether complete diversity exists. Accordingly, Travelers contends that diversity jurisdiction exists and the removal requirements are met. In response, plaintiff argues that tortfeasor defendants are not merely nominal parties and thus diversity of the parties is not complete. Plaintiff further contends that even assuming, *arguendo*, that subject matter jurisdiction is proper, abstention is nonetheless warranted by principles of federalism, comity, and efficiency, and because of a risk of entanglement with the ongoing state court personal injury action.

## II.

■ The analysis properly begins with recognition that the burden is on the removing party—in this case, Travelers—to establish that the requirements of removal are met. *See In re Blackwater Security Consulting, LLC,* 460 F.3d 576, 583 (4th Cir.2006); *Mulcahey v. Columbia Organic Chems. Co.,* 29 F.3d 148, 151 (4th Cir. 1994).[2] Among these removal requirements is that the removed action must be one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Thus, Travelers must show that there is an independent source providing original federal subject matter jurisdiction in order for removal to be proper.[3] In this respect, Travelers asserts that the diversity statute, 28 U.S.C. § 1332, provides federal subject matter jurisdiction over this case.[4]

■ In order to satisfy the requirements of the diversity statute, Travelers must show (i) that the amount in controversy exceeds $75,000,[5] *see* § 1332(a), and (ii) "complete" diversity between the parties, *see Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806). Put another way, none of the plaintiffs can be citizens of the same state as any of the defendants. *Id.* In this matter, as plaintiff is a Virginia citizen and all of the tortfeasor defendants are also citizens of Virginia, it would appear, at first glance, that the complete diversity requirement is not met and thus removal was defective. But this does not end the analysis, as the Supreme Court has repeatedly affirmed the longstanding rule that only "real and substantial parties to the controversy," and not "nominal or formal parties," should be considered in determining whether complete diversity exists. *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 460–61, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980) (citing *McNutt v. Bland,* 43 U.S. (2 How.) 9, 14–15, 11 L.Ed. 159 (1844)).[6] Importantly, among those

**2.** *See also* 7 Charles Alan Wright & Arthur R. Miller, et al., *Federal Practice & Procedure* § 3739 ("It is also well settled under the case law that the burden is on the party seeking to preserve the district court's jurisdiction, typically the defendant, to show that the requirements for removal have been met.").

**3.** *See generally* 14B Charles Alan Wright et al., *Federal Practice & Procedure* § 3721.

**4.** Travelers correctly does not assert that the federal Declaratory Judgment Act, 28 U.S.C. § 2201, provides jurisdiction, as it is well settled that this statute is not jurisdictional in nature. *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

**5.** There is no dispute that the amount in controversy in this action exceeds $75,000 and thus this requirement is satisfied.

**6.** *See also* 13E Charles Alan Wright et al., *Federal Practice & Procedure* § 3606 ("For purposes of the complete diversity jurisdiction analysis, it has long been established by innumerable precedents from all quadrants of the federal judicial system that the citizenship of nominal or formal parties who have no interest in the action will be ignored; if the real controversy is between citizens of different states, the court has subject matter jurisdiction.").

who are not "real and substantial parties" are parties who have "no control of, impact on, or stake in this controversy." *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 92, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) (citing *Wood v. Davis,* 59 U.S. (18 How.) 467, 469–70, 15 L.Ed. 460 (1855)). This requirement sensibly bars state-court plaintiffs from tactically naming nondiverse defendants solely in order to prevent the real and substantial defendant or defendants from exercising their statutory removal right. Applying this principle, it is clear that if the tortfeasor defendants have no stake in the outcome of the coverage dispute in issue in this action, then they are not "real and substantial" parties and their citizenship should not be considered in the diversity analysis. Because it is clear that the tortfeasor defendants lack any stake in the outcome of this litigation, their citizenship is not properly considered for diversity purposes.

As noted, plaintiff brought this action in order to resolve a dispute over the amount of coverage provided by his Travelers insurance policy. Plaintiff suggests that the tortfeasor defendants "have a real interest in the outcome of this litigation." Pl. Mem. at 7. Nonetheless, he does not explain the nature of this interest, and indeed, during oral argument, plaintiff's counsel (i) admitted that plaintiff "has not stated a claim" against the tortfeasor defendants in this action, and (ii) suggested that the reason for naming them as defendants was for the benefit of Travelers in any subsequent action by tortfeasor defendants to recover amounts paid to plaintiff. Yet, the possibility that the tortfeasor defendants' liability depends on the scope of the insurance policy coverage appears to be foreclosed by Virginia Code § 38.2–2206(G), which provides that providers of uninsured motorist liability coverage "shall be subrogated to the rights of the insured ... against the person causing the injury, death, or damage and that person's insurer

... to the extent that payment was made." Thus, irrespective of the amount of Travelers' liability on the insurance policy, Travelers possesses subrogation rights, by operation of the Virginia statute, for the full amount of its payments. The outcome of this declaratory judgment action, therefore, has no impact whatever on the tortfeasor defendants; at most, it could only change the name of the payee on any checks they write as a result of the personal injury suit. Because they have no stake in this litigation, the tortfeasor defendants are not real and substantial parties to this action.

Accordingly, the Virginia citizenship of the tortfeasor defendants should not be considered in the diversity analysis. *See Navarro Sav. Ass'n,* 446 U.S. at 460–61, 100 S.Ct. 1779. Because the remaining defendant, Travelers—a citizen of Connecticut—is diverse from the Virginia plaintiff, complete diversity exists and federal subject matter jurisdiction over this removal action is therefore proper.

### III.

■ Plaintiff argues, in the alternative, that remand is appropriate because adjudicating this dispute would "threaten to frustrate the purpose of a state's complex administrative system" or process. Pl. Mem. at 78 (citing *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)). Indeed, plaintiff cites a number of cases in which courts have abstained from deciding cases that would require determining complex questions of insurance regulation. *See, e.g., First Penn–Pacific Life Ins. Co. v. Evans,* 304 F.3d 345, 348–49 (4th Cir.2002); *Charleston Area Med. Center v. Blue Cross & Blue Shield Mut. of Ohio,* 6 F.3d 243, 250 n. 5 (4th Cir.1993). But the insurance cases in which courts have abstained involved questions of receivership, insolvency, and the structure

and form of insurance companies and other heavily regulated matters that implicated complex and comprehensive regulatory schemes. *See, e.g., Spencer v. Frontier Ins. Co.,* 290 Fed.Appx. 571, 574 (4th Cir. 2008); *First Penn–Pacific Life Ins. Co.,* 304 F.3d at 349. In sharp contrast to these cases, this matter presents a relatively straightforward dispute over the proper interpretation of the terms of an insurance policy agreement.[7] The proper interpretation of the policy is guided by clear and controlling authority of the Supreme Court of Virginia,[8] and federal courts resolve disputes of this sort on a regular basis.[9] Moreover, unlike *Burford,* deciding this case does not interfere with any complex administrative regime; rather, the policy will be interpreted either here or in the state court from whence this action came. Thus, careful consideration of "the federal interests in retaining jurisdiction over the dispute and the competing concern for the 'independence of state action'" requires that jurisdiction be exercised over this matter. *Quackenbush v.*

*Allstate Ins. Co.,* 517 U.S. 706, 727–28, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

■ Finally, adjudication of this matter presents no risk of entanglement with the ongoing state court personal injury action such that abstention would be appropriate under *Nautilus Insurance Co. v. Winchester Homes, Inc.,* 15 F.3d 371, 376 (4th Cir.1994). Travelers is not a party to that action and the personal injury liability issue is entirely distinct from the coverage limits question presented by this action. *See Great Am. Ins. Co. v. Gross,* 468 F.3d 199, 212 (4th Cir.2006) (citing *Nautilus* and holding that declaratory judgment action regarding insurance coverage should not be stayed pending outcome of state court actions on non-coverage liability issues in which insurer was not party); *Cf. Zurich Am. Ins. Co. v. Public Storage,* 697 F.Supp.2d 640, No. 1:09cv1394, 2010 WL 1038220 (E.D.Va. Mar. 17, 2010) (concluding that declaratory judgment actions to resolve duty to defend disputes generally present little risk of entanglement with ongoing state liability litigation) (citing

**7.** Plaintiff cites the Second Circuit's opinion in *Smith v. Metropolitan Property & Liability Insurance Co.,* 629 F.2d 757, 759 (2d Cir. 1980), as a case in which abstention over a coverage matter was deemed appropriate. Plaintiff's reliance on Smith is misplaced. There, the Second Circuit concluded that abstention was appropriate because of (i) a comprehensive mandatory arbitration clause, (ii) a complete absence of any guidance from the courts of Connecticut on the stacking question, and (iii) Connecticut's unique interest in insurance regulation given its status as the place of incorporation of most major insurance carriers. None of those circumstances is present here. In particular, as plaintiff acknowledges, the Supreme Court of Virginia has recently provided clear and ample guidance on the "stacking" question. *See Va. Farm Bureau Mut. Ins. Co. v. Williams,* 278 Va. 75, 677 S.E.2d 299 (2009). Plaintiff further cites *Chapman v. Clarendon Nat'l Ins. Co.,* 299 F.Supp.2d 559, 564 (E.D.Va.2004), as a case in which abstention was deemed appropriate in a declaratory judgment cover-

age action. Yet, Chapman is distinguishable from this matter. *Chapman* involved liability over an accident involving a rental car, and the district court was concerned that no insurance policy covered the car, in which case the complex self-insurance provisions of the Virginia Code would have been implicated. Moreover, in that case, the district court found that the action had been removed for purposes of "procedural fencing," a circumstance that does not appear to exist here.

**8.** *See Va. Farm Bureau Mut. Ins. Co. v. Williams,* 278 Va. 75, 677 S.E.2d 299 (2009).

**9.** *See, e.g., Bagnal v. Foremost Ins. Group,* No. 2:09cv1474, 2010 WL 755202 (D.S.C. Mar. 2, 2010); *Lester v. Nationwide Mut. Ins. Co.,* 586 F.Supp.2d 559 (D.S.C.2008) (applying Virginia law); *Ingles v. State Farm Mut. Auto. Ins. Co.,* 275 F.Supp.2d 755 (S.D.W.Va.2003); *Canal Ins. Co. v. Blankenship,* 129 F.Supp.2d 950 (S.D.W.Va.2001); *Allstate Ins. Co. v. Brown,* 736 F.Supp. 705 (1990).

818

*Nautilus* ). Accordingly, a stay or remand of this declaratory judgment action is not appropriate.

## IV.

In summary, because the tortfeasor defendants are only nominal parties to this action, their citizenship is not considered for purposes of determining whether diversity jurisdiction exists under 28 U.S.C. § 1332. Thus, because the two real and substantial parties are diverse, and the amount in controversy requirement is met, diversity jurisdiction exists and removal therefore was proper. Moreover, there is no basis to decline to exercise jurisdiction over this case because there is no serious risk of frustration of a complex state law administration regime or of entanglement with ongoing state court proceedings.

Notwithstanding the result reached here, there is no doubt that plaintiff's essential point is undeniably valid: issues of the sort presented in this declaratory judgment action are preferably litigated and resolved in state court so as to create a path for appeal, if necessary, to the Supreme Court of Virginia. Nonetheless, this general preference is insufficiently compelling to overcome well settled principles of removal, diversity jurisdiction, and abstention.

Accordingly, and for good cause,

It is hereby **ORDERED** that plaintiff's motion to remand this case (Docket No. 12) is **DENIED.**

The Clerk is directed to send a copy of this Order to all counsel of record.