**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-2051**

_____

MELANIE PITROLO,

              Plaintiff – Appellant,

        v.

COUNTY OF BUNCOMBE, NC; BRITT LOVIN; DEAN KAHL; LOYD KIRK;
VONNA CLONINGER; WESTERN NORTH CAROLINA REGIONAL AIR QUALITY
AGENCY BOARD OF DIRECTORS; WESTERN NORTH CAROLINA REGIONAL
AIR QUALITY AGENCY,

              Defendants – Appellees.

_____

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.   Lacy H. Thornburg,
District Judge. (1:06-cv-00199-MR-DLH)

_____

Submitted:  November 24, 2010          Decided:  January 11, 2011

_____

Before TRAXLER, Chief Judge, and WILKINSON and SHEDD, Circuit
Judges.

_____

Vacated and remanded by unpublished opinion.   Judge Shedd wrote
the opinion, in which Chief Judge Traxler and Judge Wilkinson
joined.

_____

Michael G. Wimer, WIMER & JOBE, Asheville, North Carolina, for
Appellant.   Thomas J. Doughton, Amy L. Rich, DOUGHTON & HART,
PLLC, Winston-Salem, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

SHEDD, Circuit Judge:

Melanie Pitrolo filed this action under Title VII claiming that the County of Buncombe, the Western North Carolina Regional Air Quality Agency, the Agency Board of Directors, Britt Lovin, Dean Kahl, Loyd Kirk, and Vonna Cloninger (collectively "Buncombe County") failed to promote her to the position of Interim Director because of her gender. After a jury decided in Pitrolo's favor, the district court granted Buncombe County's renewed motion for judgment as a matter of law and entered an amended judgment in favor of Buncombe County and ordering Pitrolo to pay Buncombe County's costs. Pitrolo now appeals. For the following reasons, we vacate the district court's amended judgment, reinstate the jury verdict, and remand the case.

I.

This is Pitrolo's second appeal in this case. In the first appeal, we vacated the grant of summary judgment in favor of Buncombe County on Pitrolo's Title VII gender discrimination claim and remanded that claim for further proceedings. Pitrolo v. County of Buncombe, No. 07-2145, 2009 WL 1010634 (4th Cir. Mar. 11, 2009). In the summary judgment record, Pitrolo had testified that, shortly after an Agency Board of Directors meeting regarding the Interim Director position, Agency Director Bob Camby reported to her that there was opposition to her

2

becoming the future leader of the Agency because of her age and gender. We held that Camby's statement to Pitrolo was admissible evidence as a "party-opponent admission" under Federal Rule of Evidence 801(d)(2). Importantly, we found the statement constitutes direct evidence of gender discrimination sufficient to defeat summary judgment.

On remand, a jury found that gender was a motivating factor in Buncombe County's decision not to promote Pitrolo but also found that Buncombe County would have denied her the promotion in the absence of consideration of her gender. Accordingly, the jury did not award Pitrolo damages. The district court denied Pitrolo's post-trial motion for declaratory relief, attorney fees and costs, and granted Buncombe County's renewed motion for judgment as a matter of law.[*] The district court entered an amended judgment dismissing Pitrolo's action with prejudice and ordering that Buncombe County recover costs from Pitrolo.

---

[*] Buncombe County moved for judgment as a matter of law at the end of the trial, arguing that Camby's statement was not sufficient evidence to support a jury verdict in favor of Pitrolo. In denying that motion, the district court stated: "[Y]ou're fully aware . . . two judges previously were of the opinion that that was not an adequate basis to keep the case alive, but three judges disagreed, so I'm going to keep it alive for them to review again if the jury verdict is adverse to the position of the plaintiff in this case and give them an opportunity to review it. So I'm going to let the jury decide that tomorrow, and we'll all see at that time what they come up with." J.A. 544.

II.

We review de novo a district court's ruling on a motion for judgment as a matter of law. Dennis v. Columbia Colleton Med. Ctr., 290 F.3d 639, 644-45 (4th Cir. 2002). Importantly, a "Rule 50(b) motion for judgment as a matter of law follows the same standard as a Rule 56 motion for summary judgment." Id. at 644. Thus, when a jury has returned a verdict, the district court may grant a Rule 50(b) motion for judgment as a matter of law only if, "viewing the evidence in a light most favorable to the non-moving party (and in support of the jury's verdict) and drawing every legitimate inference in that party's favor, the only conclusion a reasonable jury could have reached is one in favor of the moving party." Int'l Ground Transp., v. Mayor & City Council of Ocean City, 475 F.3d 214, 218-19 (4th Cir. 2007). If reasonable minds could differ, we must affirm the jury's verdict. Dennis, 290 F.3d at 645. In drawing all reasonable inferences in favor of the non-movant, a court may not weigh the evidence or assess the credibility of the witnesses. Id.

We find that Camby's statement is sufficient evidence to support the jury's verdict. The law of this case is that Camby's statement constitutes direct evidence of gender discrimination sufficient to defeat summary judgment. Thus, at a minimum, the jury could reasonably conclude from Camby's

4

statement that Pitrolo's gender was a motivating factor in Buncombe County's decision not to hire her. Although the district court may differ with the jury's conclusions, Rule 50(b) does not permit the court to weigh the evidence or assess the credibility of the witnesses -- to do so is to usurp the fact-finding role of the jury. Therefore, the district court erred in finding that Pitrolo had not presented sufficient evidence to support the jury's finding and that a reasonable jury could not have inferred from Camby's statement that gender was a motivating factor in Buncombe County's decision not to promote Pitrolo.

We note that the district court denied Pitrolo's post-trial motion for attorney fees and costs because, under the amended judgment, she did not prevail on her "mixed-motive" claim. However, with the reinstatement of the jury's verdict, Pitrolo is now the prevailing party. See Hill v. Lockheed Martin Logistics Mgmt., 354 F.3d 277, 284 (4th Cir. 2004) (en banc), cert. dismissed, 543 U.S. 1132 (2005) (citing 42 U.S.C. § 2000e-2(m)). As such, she is entitled to seek "declaratory relief, injunctive relief, and attorney's fees and costs demonstrated to be directly attributable" to her mixed-motive claim. Id.

## III.

For the foregoing reasons, we vacate the district court's amended judgment and order granting Buncombe County's motion for judgment as a matter of law, ordering that Buncombe County recover costs from Pitrolo, and denying Pitrolo's motion for declaratory relief, attorney fees and costs. We reinstate the jury verdict and judgment in favor of Pitrolo, and we remand the matter for reconsideration of Pitrolo's post-trial motion for declaratory relief and attorney fees and costs in light of our holding. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>